AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| JERRY NELSON STINCHCOMB | ) | Case No. |
| | ) | 5:18-mj-1055-PRL |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___May 30, 2018 - May 31, 2018___ in the county of ___Lake___ in the ___MIDDLE___ District of ___FLORIDA___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sec. 876(c) | Mailing a threatening communication |
| 18 U.S.C. Sec. 1038(a)(1) | Anthrax hoax |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Todd Myers, Special Agent, FBI
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___6/8/18___

_____
*Judge's signature*

City and state: ___Ocala, Florida___

Philip R. Lammens, United States Magistrate Judge
_____
*Printed name and title*

STATE OF FLORIDA                          CASE NO. 5:18-mj-1055-PRL

COUNTY OF MARION

## AFFIDAVIT IN SUPPORT OF THE
## ISSUANCE OF A CRIMINAL COMPLAINT

I, Todd Myers, having been duly sworn, state the following:

1.      I have been employed as a Special Agent of the Federal Bureau of

Investigation since March 2017.   I am currently assigned to the Jacksonville Field

Office, Daytona Beach Resident Agency, and I have been assigned to this position

since August 2017.   Prior to my employment with the FBI, I served as a police

officer in Akron, Ohio, for almost ten years.   During that time, I investigated major

felony matters, such as murder, rape and robbery, and other general crimes.

2.      This affidavit is being submitted in support of a criminal complaint

charging the defendant, **JERRY NELSON STINCHCOMB (STINCHCOMB),**

with one count of mailing a threatening letter, in violation of 18 U.S.C. § 876(c), and

one count of engaging in conduct with the intent to convey false or misleading

information which conduct might reasonably have been believed, and where such

information intended to be conveyed indicated that an activity had taken, was

taking, or would take place that would constitute a violation of 18 U.S.C. § 113B, in

violation of 18 U.S.C. § 1038(a)(1).   Specifically, as to both counts, between on or

about May 30, 2018, and May 31, 2018, in the Middle District of Florida,

**STINCHCOMB** deposited in a post office, or authorized depository for mail matter,

an anthrax hoax letter addressed to the Lake County Sheriff's Office.

3.     My knowledge of the facts and circumstances contained within this affidavit is based upon my personal participation in this investigation and the reports (verbal and written) made to me by other law enforcement officers.   This affidavit does not contain all of the information I know about the investigation, but is simply for the purpose of establishing probable cause to obtain a criminal complaint.

## FACTS AND CIRCUMSTANCES

4.     Between on or about December 1, 2017, through on or about May 31, 2018, a series of envelopes containing a white powdery substance and threatening letters were delivered to public and private entities through the United States Mail in Lake, Volusia, Sumter and Orange Counties, all of which are in the Middle District of Florida.   As a result of the threatening letters, local law enforcement agencies, fire departments, HAZMAT teams, and representatives from the Florida Department of Health had to respond to each incident.   In each case, the correspondence had the same unusual feature: words and letters created with the use of a label-maker with black lettering.   The words and/or letters on the correspondence appeared to have been generated with a label maker, peeled from an adhesive strip, and then placed on the correspondence.   This distinctive lettering appeared both on the outside of the envelopes and on the correspondence contained inside.

5.     On March 16, 2018, a Fruitland Park Post Office letter carrier, whose identity is known to me, came into contact with an envelope leaking a white

2

powdery substance that had been collected in the outgoing mail. The envelope contained black, label-maker printing similar to that observed on the other correspondence in this investigation. United States Postal Inspector Edgar Sanabria (Inspector Sanabria) responded and field-tested the white powdery substance for biological agents with negative results. The letter carrier advised that he had collected the envelope from the Neighborhood Delivery Collection Box Unit (NDCBU1) located on the southwest corner at the intersection of Shiloh Street and Patricia Avenue, Fruitland Park, Lake County, Florida. Inspector Sanabria advised the Fruitland Park Post Office personnel to be aware of any written correspondence with black, label-maker printing and to notify him if additional items were recovered.

6.      Fruitland Park Post Office mail carriers intercepted six additional envelopes between April 30, 2018, and May 16, 2018, and kept them secured inside the post office until Inspector Sanabria could examine them. On May 22, 2018, Inspector Sanabria and I traveled to the Fruitland Park Post Office to collect the envelopes and conduct interviews of the letter carrier(s) who had collected them.

7.      All of the six intercepted envelopes had black, label-maker printing on the outside. This printing appeared to be similar in nature to that used on the other envelopes in this investigation. Four of the envelopes contained a white powdery substance; two did not. The two envelopes that did not contain powder were addressed to an individual (referred to in this affidavit as "L.V."). These two letters

3

also contained the return name and Fruitland Park address for **STINCHCOMB.**

Below is a redacted image of one of the two envelopes with its accompanying letter:





8. The four letters that contained a white powdery substance were addressed to private and public entities in and around Lake County. These four envelopes also contained a document with the word "anthrax" written on it using black, label-maker printing. Inspector Sanabria field-tested the contents of each envelope with negative results for any biologically hazardous agents.

9. On May 22, 2018, Inspector Sanabria and I conducted an interview of L.V. at L.V's place of residence. L.V. confirmed hiring **STINCHCOMB** to mow L.V.'s lawn for the previous five to six years. L.V. had discontinued

4

STINCHCOMB's services approximately one month before the interview.  L.V. explained that STINCHCOMB's equipment frequently broke down and that STINCHCOMB left the lawn unfinished.   In the letter addressed to L.V., STINCHCOMB indicated that L.V. still owed him money, which L.V. confirmed.

10.     On May 22, 2018, Inspector Sanabria and I conducted an interview at the Fruitland Park Post Office of the same letter carrier who had intercepted the previous correspondence on March 16, 2018 (see Paragraph 5, above).   The letter carrier explained that he had collected the letters addressed to L.V. from NDCBU1. Having worked the same route for seven to eight years, the letter carrier knew STINCHCOMB as the owner of a lawn care business.   The letter carrier recalled several conversations with STINCHCOMB about lawn care.

11.     I have reviewed STINCHCOMB's current Florida driver's license photograph and used that image during recent surveillance operations near STINCHCOMB's residence.   Specifically, on May 30, 2018, I obtained a copy of surveillance video showing a person matching STINCHCOMB's physical description walking from the direction of STINCHCOMB's residence.   The person had an object in his right hand that resembled an envelope.   The person walked to the outgoing mail slot of NDCBU1, paused for a few moments, and then walked away without the envelope in the direction of STINCHCOMB's residence.

12.     The following day, May 31, 2018, a Fruitland Park Post Office

employee contacted Inspector Sanabria and explained that a letter carrier had

recovered another envelope with black, label-maker printing from NDCBU1.   This

envelope was similar to the others recovered throughout the investigation.   The

letter was addressed to the Lake County Sheriff's Office, 360 Ruby Street, Tavares,

Florida, 32778.   On further examination, Inspector Sanabria determined that the

letter contained a white powdery substance and an index card with the word

"anthrax" in black, label-maker print.   Below is an image of the envelope and letter

sent to the Lake County Sheriff's Office:



13.     On June 4, 2018, SA Michael Jeffcoat and I traveled to Fruitland Park

Police Department.   Earlier that same day, at approximately 2:00 a.m., a police

officer had conducted a "trash pull" of refuse placed by the curb by at

**STINCHCOMB's** residence.   When we examined the contents of the

**STINCHCOMB's** trash, I recovered white plastic strips, which appeared to be the

back of adhesive label-maker tape.   That tape is consistent with the label-maker

strips used on the correspondence in this investigation.

## CONCLUSION

14.    Based on my training and experience and the facts set forth in this

affidavit, there is probable cause to believe that **STINCHCOMB** has violated 18

U.S.C. § 876(c) and 18 U.S.C. § 1038(a)(1).   I request that a criminal complaint

issue on these charges.

This concludes my affidavit.

Todd Michael Myers, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
this _8_ day of June, 2018.

The Honorable Philip R. Lammens
United States Magistrate Judge