AF Approval [signature] for NA          Chief Approval [signature]

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# Ocala DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO. 5:18-cr-46-OC-27PRL

JERRY NELSON STINCHCOMB

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, and the defendant, Jerry Nelson Stinchcomb, and the attorney for the defendant, Mary Mills, Esquire, mutually agree as follows:

A. **Particularized Terms**

1. **Count Pleading To**

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with mailing a threatening communication, in violation of 18 U.S.C. § 876(c).

2. **Maximum Penalties**

Count One carries a maximum sentence of 5 years' imprisonment, a fine of $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim

Defendant's Initials [initials]

of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3. <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First</u>: the defendant knowingly used the United States mail to send a true threat to injure the person of another; and

<u>Second</u>: the defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

4. <u>Indictment Waiver</u>

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 3663A(a) and (b), the defendant agrees to make full restitution to the Lake County Sheriff's Office.

Defendant's Initials _[initials]_      2

6. <u>Discretionary Restitution Agreed to By Defendant</u>

Pursuant to 18 U.S.C. § 3663A(a)(3)and (b), the defendant agrees to make full restitution to the victims listed in Attachment A to the Factual Basis and, to the extent permitted by law, restitution for the costs incurred by first responders to those victims.

7. <u>Acceptance of Responsibility - Two Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

8. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that

Defendant's Initials _____  3

this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

B. **Standard Terms and Conditions**

1. **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses

Defendant's Initials ____    4

described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the

Defendant's Initials _____     5

conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _[initials]_          7

6. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly

Defendant's Initials ___   8

waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _JA_                    9

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the

Defendant's Initials _____     10

attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _____    11

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 1ST day of October, 2018.

MARIA CHAPA LOPEZ
United States Attorney

_Jerry Nelson Stinchcomb_
Jerry Nelson Stinchcomb
Defendant

Dale R. Campion
Assistant United States Attorney

Mary Mills, Esquire
Attorney for Defendant

Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

Defendant's Initials _JS_      12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO. 5:18-cr-

JERRY NELSON STINCHCOMB

## PERSONALIZATION OF ELEMENTS

1. Do you admit that between May 30, 2018, and May 31, 2018, in the Middle District of Florida, you did knowingly use the United States mail to send a true threat, to wit: the word "Anthrax" written in a letter, in combination with a white powdery substance, addressed to the Lake County Sheriff's Office?

2. Do you admit that you sent the letter with the intent to communicate a true threat or with knowledge it would be viewed as a true threat?

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 5:18-cr-

JERRY NELSON STINCHCOMB

### FACTUAL BASIS

Prior to May 30, 2018, Fruitland Park U.S. Postal letter carriers advised the Postal Inspector of evidence collected from the Neighborhood Delivery Collection Box Unit (NDCBU1) located on the southwest corner at the intersection of Shiloh Street and Patricia Avenue, Fruitland Park, in Lake County, Florida. This collection box was used for the U.S. mails.

Based on a collection of evidence from the above-referenced collection box, and interviews of witnesses following the collection of evidence, law enforcement identified Jerry Nelson Stinchcomb, the defendant, as a potential subject.

~~On May 30, 3018,~~ The defendant was video recorded as he as he placed an envelope into the above referenced mail collection box on May 30, 2018. After depositing the envelope, the defendant was video-recorded walking back toward the direction of his nearby residence on Shiloh Street, in Fruitland Park.

Defendant's Initials    14

The following day, May 31, 2018, a Fruitland Park Post Office employee collected an envelope with black, label-maker printing from collection box NDCBU1. The letter was addressed to the Lake County Sheriff's Office, 360 Ruby Street, Tavares, Florida, 32778. On further examination, the Postal Inspector determined that the letter contained a white powdery substance and an index card with the word "anthrax" in black, label-maker print. The white powdery substance was later determined to be negative for any biological agents.

On June 4, 2018, special agents of the FBI traveled to Fruitland Park Police Department. Earlier that same day, at approximately 2:00 a.m., a police officer had conducted a "trash pull" of refuse placed by the curb by at the defendant's residence. The special agents recovered white plastic strips, which appeared to be the backings of adhesive label-maker tape. That type of tape was consistent with the label-maker strips used on the letter that was addressed to the Lake County Sheriff's Office.

On June 12, 2018, federal agents arrested the defendant at his residence pursuant to a federal arrest warrant. Agents searched the defendant's residence pursuant to a federal search warrant. At the residence, the agents recovered a label maker, and tape, and other items, all of which implicated the defendant as the person who had sent the threatening letter to the Lake

Defendant's Initials ____            15

County Sheriff's Office that was deposited into the United States mail collection box NDCBU1 on May 30, 2018, and that was recovered by a Postal employee on May 31, 2018.

Defendant's Initials  JA                     16

# ATTACHMENT A

1. Daily Commercial, Leesburg, FL
2. Bank of America, Leesburg, FL
3. Florida Heart and Vascular Health, Leesburg, FL
4. Amscot, Leesburg, FL
5. Social Security Administration, Leesburg, FL
6. Lake County EMS, Mt. Dora, FL
7. First Baptist Church, Leesburg, FL
8. Leesburg City Hall, Leesburg, FL
9. Fruitland Park City Hall, Fruitland Park, FL
10. Beyers Funeral Home, Leesburg, FL
11. Volusia County Health Department, Daytona Beach, FL
12. Walmart, Leesburg, FL
13. Fruitland Park Police Department, Fruitland Park, FL
14. Leesburg Police Department, Leesburg, FL
15. Lake Technical Center, Eustis, FL
16. Channel 9 News, Orlando, FL
17. Institute of Public Safety, Tavares, FL
18. Wildwood Mower and Saw, Wildwood, FL
19. Lake County Commissioners Office, Tavares, FL
20. Lake County Court Administration, Tavares, FL